Tooks, Appellant, *v.* Indemnity Insurance Company of North America.

Argued April 25, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Hymen Schwartz,* for appellant.

*William T. Campbell,* with him *Swartz, Campbell & Henry,* for appellee, were not heard.

OPINION PER CURIAM, May 23, 1955:

The basis of plaintiff's claim in this action in trespass might well be characterized as unusual, if not unique. She alleges that her father, William A. Tooks, died testate in 1949. His executor, Abraham T. Needleman, resigned after two months; plaintiff was appointed administrator d.b.n.c.t.a. and has acted in that capacity ever since. Needleman operated the decedent's funeral supply business during his executorship, but without authority of the Orphans' Court, and plaintiff continued such operation. At the time of her appointment defendant entered a bond as her surety; it was to the Commonwealth of Pennsylvania in the usual form, conditioned upon plaintiff making a proper inventory of decedent's goods and a just and true account of the administration of the estate and paying the assets of the estate to the persons found to be thereunto entitled on distribution; it was executed by plaintiff and by defendant. The estate maintained a deposit account in The Land Title Bank and Trust Company, to which a notice was given, signed by plaintiff and defendant, stating that all checks drawn against the funds therein should be honored only upon defendant's written approval thereof. Defendant countersigned various checks drawn by plaintiff in the course of the operation of the business. The Land Title Bank and Trust Company having refused to continue the account, a new deposit account was opened in the Roosevelt Bank of Philadelphia and a similar notice was given it by the parties in regard to the necessity

of obtaining defendant's written approval to checks drawn on the funds. Plaintiff alleges that she was derelict in not filing the inventory, the account of the administration of the estate, and the return of the State Inheritance Tax, until some two years after the time when they should have been filed. She states that she is an inexperienced young woman, that she was represented by a lawyer who was afterwards disbarred and who failed to advise her correctly regarding her rights and obligations as administratrix and to warn her against continuing decedent's business. She avers that she did not realize that by conducting the business without lawful authority she was incurring personal liability, and that she did in fact incur (in some way not explained) personal liability in an amount exceeding $50,000; also that she paid out of her own funds sums aggregating more than $12,000 to creditors of the decedent at the time of his death who had not filed suits so as to retain a lien upon his real estate. She claims that she would not have incurred this alleged personal liability or made the payments to decedent's creditors had it not been for the negligence of defendant in countersigning her checks in unjustified amounts and in misleading and lulling her into continuing the business. Her suit is to recover from defendant damages in the sum of $62,000.00 resulting from such negligence.

Defendant filed preliminary objections to the complaint in the nature of a demurrer. The court sustained the objections, dismissed the complaint, and entered judgment for defendant. Plaintiff appeals.

It is difficult to comprehend upon what theory plaintiff predicates her alleged right of action against defendant. The bond filed by the two parties made them responsible, not to one another, but to the named obligee, the Commonwealth, for the proper administra-

tion of decedent's estate. We know of no duty on the part of a surety to give the principal legal or other advice in order to protect the latter from liability; if negligent in its conduct in any matters concerning the administration of the estate it could thereby incur liability of its own upon its bond, but that liability would be to the creditors of the estate or those entitled to share therein, not to the principal obligor on the bond. Defendant did not have to take the place of plaintiff's allegedly incompetent or faithless lawyer, and it cannot be charged with negligence and with liability to pay damages to plaintiff for not preventing plaintiff herself from being negligent. Indeed, since countersignatures on plaintiff's checks were presumably made in each instance at her request she can scarcely be heard to complain that defendant complied with such requests; the arrangement for the countersigning was for the protection, not of the plaintiff, but of the defendant. How defendant could be said to have misled her in her continuation of decedent's business is certainly not clear; it would appear rather to have been the reverse. The law is not that a principal can maintain a suit against his surety for his own default (50 Am. Jur. 1070 §253), but, on the contrary, that a surety who has been obliged to pay the debts of his principal may ordinarily maintain a suit against his principal for reimbursement on the latter's implied obligation to make such reimbursement (50 Am. Jur. 1047, §219; 1049, §221).

Judgment affirmed.